UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

SLAPEL LEEWARD ELLIOTT,

                    Petitioner,

v.

JEFFERSON B. SESSIONS III,
Attorney General of the United
States, et al.,[1]

                    Respondents.

**DECISION AND ORDER**

1:16-CV-00388 EAW

---

## BACKGROUND

Petitioner Slapel Leeward Elliot ("Petitioner"), commenced this habeas proceeding on May 16, 2016, pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") violated his federal constitutional rights under the Fifth Amendment. (Dkt. 1). He requested relief, including asking this Court to: (1) assume jurisdiction over the matter; (2) issue an order requiring Respondents to promptly release Petitioner during the pendency of his appeal before the Second Circuit; (3) order the Attorney General not to remove Petitioner from the jurisdiction of this Court while the Court is considering this petition;[2] (4) grant any further relief that the Court deems just and proper. (*Id.* at 15).

---

[1]     Jefferson B. Sessions III is the current Attorney General of the United States. Accordingly, he is substituted as a respondent in this action. *See* Fed. R. Civ. P. 25(d).

[2]     The Court construes this request as one for a stay of removal during the pendency of the proceeding.

Petitioner, a citizen of Jamaica, was admitted to the United States on September 12, 1987, as a lawful permanent resident. (*Id.* at 2, 4). In February and March 1993, Petitioner pled guilty to attempted sale of a controlled substance in the third degree under New York law. (*Id.* at 4). He was sentenced to concurrent prison terms of one to three years. (*Id.*). In September 1997, Petitioner was convicted of second-degree murder and first-degree manslaughter and sentenced to concurrent terms of 20 years to life and $8^{1}/_{3}$ years to 25 years. (*Id.*). Petitioner's convictions rendered him deportable, and Immigration and Naturalization Service ("INS")[3] commenced deportation proceedings on February 10, 1995. (*Id.*).

Petitioner was found removable on March 24, 1998, and ordered deported to the United Kingdom, or, alternatively, to Jamaica. (*Id.* at 5). After the denial of his appeal by the Board of Immigration Appeals ("BIA"), Petitioner moved for relief under § 212(c) of the Immigration and Nationality Act and for a stay of deportation. (*Id.*). Petitioner also filed an application for asylum and for withholding of removal under the Convention against Torture ("CAT"). (*Id.*). On August 23, 2006, an Immigration Judge ruled that Petitioner was statutorily ineligible for relief under § 212(c) and denied petitioner deferral of removal under the CAT. (*Id.*). Petitioner appealed from that decision, but the BIA dismissed his appeal on February 13, 2007, triggering an administrative final order of removal. (*Id.*).

---

[3] The agency formerly called INS is no longer in existence, and some of its functions are now performed by ICE. *See Brito v. Mukasey*, 521 F.3d 160, 162 n.2 (2d Cir. 2008).

On June 4, 2015, Petitioner was released from state correctional custody into the custody of ICE. (*Id.*). On July 6, 2015, Petitioner filed a motion with the BIA to reopen and reapply for asylum under the CAT based on changed circumstances. (*Id.*). The BIA denied his motion as untimely on August 7, 2015. (*Id.*). ICE reviewed Petitioner's detention status in September 2015, and again in March 2016, and decided to continue Petitioner's detention after each review. (*Id.* at 6). On September 16, 2015, Petitioner filed a petition for review and a stay of removal in the United States Court of Appeals for the Second Circuit. (*Id.* at 5-6). The court denied his petition on May 4, 2016. (*Id.* at 6).

On May 24, 2016, this Court ordered Respondents to file and serve an answer or motion to dismiss the petition, accompanied by a memorandum of law, within 45 days of service of the Order. (Dkt. 3). On July 11, 2016, Respondents filed an answer and return response to the petition (Dkt. 5), as well as a memorandum in opposition (Dkt. 6). On June 29, 2017, Petitioner was released from administrative custody and removed from the United States. (Dkt. 10 at 2). On August 18, 2017, Respondents moved to dismiss the petition on the grounds of mootness. (Dkt. 9). Petitioner did not respond to Respondents' motion.

For the following reasons, Respondents' motion to dismiss (Dkt. 10) is granted, and the petition is dismissed as moot.

## DISCUSSION

### I. Jurisdiction

"[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties

- 3 -

of the United States.'" *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998) (quoting 28 U.S.C. § 2241). When considering a habeas corpus petition, "[t]he 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003). "A non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot as a result of the deportation." *Id.* at 1120-21. Petitioner "must show 'collateral consequences adequate to meet Article III's injury-in-fact requirement.'" *Sayavong v. McElroy*, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (quoting *Ramirez v. INS*, 86 F. Supp. 2d 301, 303-04 (S.D.N.Y. 2000)).

District courts do not have jurisdiction to review final orders of removal. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). The Second Circuit has found that § 1252(a)(5) "unequivocally eliminates habeas corpus review of orders of removal" by a district court. *Marquez-Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005). This statute "does not affect the district courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. Civ. 305CV733(PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

II. **Mootness**

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (internal quotation marks and citation omitted) (alteration in original).

"Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that [the] petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009). However, "[t]he district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Id.* at 341; *see also Williams v. INS*, No. 02CIV3814(GBDGWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him"); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

Here, the relief sought by Petitioner included that this Court: (1) assume jurisdiction over the matter; (2) issue an order requiring Respondents to promptly release Petitioner during the pendency of his appeal before the Second Circuit; (3) order the Attorney General and his agents not to remove Petitioner from the jurisdiction of this Court while the Court is considering this petition; (4) grant any further relief that the Court deems just and proper. (Dkt. 1 at 15).

As to Petitioner's third request, this Court never had jurisdiction to review his final order of removal. With regard to the remainder of his requests, the petition became moot upon Petitioner's release from the custody of the United States. *Arthur v. DHS/ICE*, 713

F. Supp. 2d 179, 182 (W.D.N.Y. 2010) ("[B]ecause [the petitioner] has been deported, the only relief available to him in this habeas proceeding—namely, release from continued detention in administrative custody—has been granted. . . . Therefore, [the petition] should be dismissed as moot."); *see Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Petitioner is no longer subject to the condition that caused his alleged deprivation, and, as a result, this Court lacks subject matter jurisdiction to further examine the merits of the petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 10) is granted, and the petition is dismissed as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 18, 2018
Buffalo, New York